IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

PAULA M CUNNINGHAM,

          Plaintiff,

v.                                   CIVIL ACTION NO.  2:10-cv-01207

GEORGE CASTELLE, et al.

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Before the Court are Defendants John A. Rogers' and Jane Doe V's motion to dismiss [Docket 6] and Defendants George Castelle's and Jane Does I to V's motion to dismiss [Docket 8]. For the reasons set for below, these motions are **GRANTED**.[1]

*I. BACKGROUND*

This action arises out of Plaintiff's allegations that she was discriminated against and wrongfully terminated from her job with the Public Defender Corporation ("PDC") in Charleston, West Virginia. Plaintiff states in her complaint that she was asked to either break the "attorney oath" or lose her job with the PDC. Defendant George Castelle ("Castelle") is sued as an attorney-at-law, personally, and in his capacity as the Chief Defender for the PDC in Charleston, West Virginia; Defendant John A. Rogers ("Rogers") is sued as an attorney-at-law, personally, and in his

---

[1] Defendants also filed a joint motion to stay the proceedings pending the Court's ruling on the motions to dismiss. As the motions to dismiss are granted, the motion to stay [Docket 32] is **DENIED AS MOOT**. Similarly, Castelle's Motion to Deem Delinquent Request for Admissions Admitted [Docket 26] is **DENIED AS MOOT**.

capacity as Executive Director of West Virginia Public Defender Services; and Defendants Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, and Jane Doe V are sued as "joint tortfeasors" of Castelle, personally, and as employees of the PDC in Charleston, West Virginia.[2]

Plaintiff filed her complaint in this Court on October 15, 2010, asserting six claims: violations of the Age Discrimination in Employment Act ("ADEA"); violations of the Americans with Disability Act ("ADA"); gross negligence; violations of the Equal Pay Act ("EPA"); unlawful retaliation and termination; and failure to fiscally protect the PDC. Both motions to dismiss were filed on December 6, 2010 for failure to state a cause of action pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed responses on December 27, 2010, (Dockets 11 & 12), to which Defendants replied on December 29, 2010, (Docket 13), and January 3, 2011, (Docket 14).

## II. LEGAL STANDARD

Defendant's motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

First, in testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also*

---

[2] Plaintiff states that she needs the opportunity for discovery to "accurately attribute to any one specific Jane Doe certain mean-spirited acts and false statements that prove the hostility of the retaliation in violation of [P]laintiff's rights." (Docket 1 at 4.)

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true). Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

Second, the Court must determine if the complaint states a plausible claim for relief to survive a motion to dismiss. A well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949.

### III. DISCUSSION

*A. ADEA*

Plaintiff claims that Defendants violated the ADEA when her request to transfer to an available trial position was refused, and instead Defendants hired "younger, less qualified male attorneys," which resulted in discrimination against her. (Docket 1 at 6.) The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff can establish an ADEA claim in two ways: 1) "through evidence showing that age bias motivated the employment decision under the so-called 'mixed motive' method" established in *Price Waterhouse v. Hopkins*, 490 U.S. 228 (1973); or 2) "through circumstantial evidence of discrimination under the 'pretext'

3

method" established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Mereish v. Walker*, 359 F.3d 330, 334 (4th Cir. 2004). "Regardless of the type of evidence offered by a plaintiff as support for her discrimination claim . . . '[t]he ultimate question in every employment discrimination case involving a claim of disparate treatment is whether the plaintiff was the victim of intentional discrimination.'" *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277 (4th Cir. 2004) (quoting *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 153 (2000)). To establish intentional discrimination, a plaintiff must present "sufficient evidence upon which one could find that 'the protected trait . . . actually motivated the employer's decision.'" *Hill*, 354 F.3d at 286 (quoting *Reeves*, 530 U.S. at 141).

In evaluating Plaintiff's complaint, the Court can find nothing but conclusory statements. Legal conclusions can provide the framework of a complaint only if they are supported by factual allegations. *Iqbal*, 129 S. Ct. at 1950. The complaint states repeatedly that Defendants acted "willfully and unlawfully" in refusing her transfer request, however, Plaintiff does not present sufficient evidence to support these claims. The facts presented that "younger, less qualified male attorneys" were hired and that Plaintiff was discriminated against because she was not given the transfer she requested simply is not enough to survive the facial plausibility standard required by *Twombly* and *Iqbal*. The fact that younger people were hired for a position that Plaintiff wanted does not establish that she was intentionally discriminated against. Additionally, the fact that her request to transfer was not granted does not show that her employer made this decision based on Plaintiff's age. Plaintiff has failed to present sufficient factual allegations to survive a motion to dismiss on this claim. Accordingly, Defendants' motions to dismiss the ADEA claim are **GRANTED**.

### B. ADA

Next, Plaintiff alleges that the denial of her request to be transferred to the trial division was a violation of the ADA. The ADA prohibits a covered entity from discriminating against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a). To "discriminate against a qualified individual on the basis of disability" includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity." § 12112(b)(5)(A). Plaintiff asserts that Castelle's refusal to transfer her was an unlawful denial of a reasonable accommodation. (Docket 1 at 7.)

To make a reasonable accommodation claim under the ADA, a plaintiff must show that they are "disabled" within the meaning of the ADA. *Rhoads v. FDIC*, 257 F.3d 373, 387 (4th Cir. 2001) (citations omitted). An individual is disabled under the ADA if 1) if the individual has "a physical or mental impairment that substantially limits one or more major life activities of such individual"; 2) there is a "record of such an impairment"; or 3) the individual is "regarded as having such an impairment." 42 U.S.C. § 12102(1). An individual is regarded as having an impairment "if the individual establishes that he or she has been subjected to an action prohibited under [the ADA] because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity." § 12102(3)(A). For a "failure to accommodate" claim under the ADA, a plaintiff must prove: "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the [employer] had notice of his disability; (3) that with

5

reasonable accommodation he could perform the essential functions of the position; and (4) that the [employer] refused to make such accommodations." *Rhoads*, 257 F.3d at 387 n.11.

The Court gleans from Plaintiff's complaint that she is trying to establish that she was regarded as having an impairment that substantially limited one or more of her major life activities. She states that Castelle acknowledged in a letter that she has a "lawful disability that requires accommodation in the workplace under the [ADA]." (Docket 1 at 7.) She then argues that Castelle "unlawfully denied [her] the reasonable accommodation of a transfer back to the client caseload she was initially hired to do in the trial division." (*Id.*) Plaintiff never explains what impairment she supposedly has or was regarded as having. Thus, she never shows that she was disabled within the meaning of the ADA. Plaintiff has not even come close in alleging an ADA claim. Thus, Defendant's motions to dismiss the ADA claim are **GRANTED**.

    *C.*     *Gross Negligence*

While Plaintiff does incorporate her earlier arguments in the complaint, the only statement written under her third claim is: "Upon information and belief, [D]efendant Rogers, was grossly negligent in the performance of his duties as the ex officio executive of the Public Defender Corporation." (Docket 1 at 8.) This is the only time that Rogers is mentioned in the complaint, except for the description of the parties. (*Id.* at 4.) As noted in *Iqbal*, the Rule 8 standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* Here, Plaintiff has done what is absolutely prohibited under *Twombly* and *Iqbal*. She only offers conclusions in this count. Additionally, it is most egregious that she does so without even attempting to recite the

6

elements of a cause of action, much less any facts that would support one. Accordingly, Defendants' motions to dismiss this count are also **GRANTED**.

   *D.*  *EPA*

The EPA prohibits pay discrimination on the basis of sex by employers. 29 U.S.C. § 206(d). To establish a prima facie case under the EPA, "the plaintiff must show that she receives less pay than a male coemployee performing work substantially equal in skill, effort, and responsibility under similar working conditions . . . . The plaintiff may not compare herself to a hypothetical male . . . but must identify a particular male for the inquiry." *Houck v. Va. Polytechnic Inst. & State Univ.*, 10 F.3d 204, 206 (4th Cir. 1993) (citing *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072, 1076-78 (4th Cir. 1982)). Just as the plaintiff in *Houck*, Plaintiff here has "merely stated her unsupported legal conclusion without any concrete comparison." 10 F.3d at 206. Additionally, she even states that she "requires discovery to more specifically allege this cause of action." (Docket 1 at 8.) Plaintiff states in her complaint that younger employees were rewarded for their years of service and experience, while she was not. (*Id.*) More is needed to establish an allegation under the EPA. A plaintiff must make a comparison with a male coemployee that describes each factor required to make a prima facie case. *Houck*, 10 F.3d at 206. Plaintiff has not identified anyone specifically and has failed to describe, factor by factor, a male that does similar work to her and was paid more. As Plaintiff has failed to allege enough facts relating to an EPA violation, Defendants' motions to dismiss this claim are **GRANTED**.

### E. *Unlawful Retaliation and Termination*

The Court has labeled Plaintiff's fifth claim "unlawful retaliation and termination" for lack of a better phrase. This claim merely states:

> Because [P]laintiff is female and not a "male litigator" her own professional judgment was ignored by [Defendants]. Rather than assign [P]laintiff work she was qualified to do by virtue of education and experience, [Defendants] unlawfully and unethically retaliated against her by the embarrassing imposition of an "improvement period" and ultimately terminating [P]laintiff's employment.

(Docket 1 at 9.) Defendants assert that this count "contains no allegations which, when taken as true for the limited purposes of this motion, 'state a claim to relief that is plausible on its face.'" (Docket 9 at 11 (quoting *Iqbal*, 129 S. Ct. at 1949)). Defendants continue, "Plaintiff simply states in a conclusory manner that her 'professional judgment' was ignored and she was placed on an 'improvement plan' which does not rise to the level of actionable conduct." (Docket 9 at 11.) The Court agrees. Defendant has failed to state a cause of action upon which relief can be granted, and accordingly the Court **GRANTS** the motions to dismiss this claim as well.

### F. *Failure to Fiscally Protect the PDC*

Finally, Plaintiff alleges that "Defendants willfully failed to fiscally protect and provide for the [PDC]." (Docket 1 at 9.) She then attempts to link this supposed failure to her "severe economic loss." She claims that Defendants violated an obligation to see that the PDC was "funded, budgeted, properly insured and that the funds are lawfully expended." (*Id.*) This claim, while containing more verbiage than the previous, also fails to direct the Court to a particular cause of action. It is clear that these allegations do not satisfy the pleading standard under Rule 8 and Rule 12(b)(6). Thus, the Court **GRANTS** the motions to dismiss this claim.

*IV. CONCLUSION*

For the reasons set forth above, Defendants motions to dismiss [Docket 6 and 8] are **GRANTED**. The Court **DISMISSES** Plaintiff's complaint without prejudice and **DISMISSES** this case from the docket. A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 22, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE